Clerk of the Trial Courts
JAN 27 2015
Original Received
COPY

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

THREE BEARS ALASKA, INC.

Plaintiff,

v.

VARILEASE FINANCE, INC.

Defendant.

Case No. 3AN-15-4670 CI

## COMPLAINT FOR VIOLATION OF UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT

COMES NOW Plaintiff Three Bears Alaska, Inc. by and through its attorneys, K&L Gates LLP, and for its complaint states, claims, and alleges as follows:

1.  Plaintiff Three Bears Alaska, Inc. ("Three Bears") is in all ways qualified to assert this complaint and to maintain this action.

2.  Defendant Varilease Finance Inc. ("Varilease") is a Michigan corporation which has a Certificate of Authority to operate in Alaska and which does business in Alaska.

3.  This Court has jurisdiction over this matter pursuant to AS 22.15.030.

### COUNT I
### Violation of Unfair Trade Practices and Consumer Protection Act, AS 45.50.471 *et seq.*

4.  Three Bears hereby incorporates ¶¶ 1-3 of this Complaint as though fully set forth herein.

5.  Three Bears desired to purchase certain equipment, and approached Varilease about the possibility of entering into a finance lease to assist with that transaction.

K&L GATES LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE (907) 276-1969

6.    Varilease provided Three Bears with a proposed agreement under which Three Bears would pay approximately $1.5 million in monthly payments over the 3-year lease term, at the end of which Three Bears would have the option to buy the leased equipment at a price to be agreed upon between the parties.

7.    The finance lease with Varilease would not make economic sense for Three Bears if the buy-out price at the end of the lease term was too high. On or about December 29, 2010 and prior to signing the schedule which would bind Three Bears to this deal, David Weisz and Stephen Mierop of Three Bears asked Richard Hickmon and Patrick Kaufman of Varilease what kind of buy-out price was normally negotiated at the end of a lease. Mr. Hickmon and Mr. Kaufman informed Mr. Weisz and Mr. Mierop that they normally asked for 10% of the total lease payments paid over the lease term as a buy-out price, up to a maximum of 15%. They also informed Mr. Weisz and Mr. Mierop that equipment of the type that Three Bears was purchasing generally had a very low residual value after three years of use.

8.    When a 10-15% additional buy-out payment was added to the lease payments over the term of the lease, Three Bears was paying between 9% and 9.5% interest on the funds advanced by Varilease to purchase the equipment at issue. Those arrangements seemed reasonable, and Three Bears therefore signed the agreement and prepared amortization schedules based on a 15% buy-out price as the worst case scenario.

9.    On or about January 23, 2014, Three Bears gave notice that it would be purchasing the equipment at the end of the lease. Based on Mr. Hickmon's representations about Varilease's practices, Three Bears expected that Varilease would propose a purchase price in the $150,000 to $200,000 range in accordance with Varilease's self-described practices. Instead, Varilease, through Mr. Hickmon, proposed buy out prices that never came below $660,000 plus applicable taxes, which was grossly in excess of the negotiated and agreed range for the buy out price.

10.    When Three Bears refused to agree to pay the price demanded by Varilease,

K&L GATES LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

COMPLAINT FOR VIOLATION OF UTPCPA
*Three Bears Alaska Inc. v. Varilease Finance Inc.*, 3AN-15-46710CI
Page 2 of 4

Varilease, through Mr. Hickmon, extended the lease for another twelve months, and has or will require Three Bears to pay an additional $525,300 for the use of the equipment for twelve months after the main term of the lease had ended.

11.    On information and belief, at the expiration of the extended lease period, Varilease will once again demand an unreasonable sum not in keeping with its representations for the purchase price of the equipment.

### Count 1-Unfair Trade Practices

12.    Three Bears restates and incorporates by reference all prior allegations.

13.    In the course of this transaction, Varilease engaged in conduct that created a likelihood of confusion or of misunderstanding, and which mislead and/or damaged Three Bears in connection with Varilease's sale of financing or leasing services.

14.    In the course of this transaction, Varilease made false promises and misrepresentations, which mislead, deceived or damaged Three Bears in connection with Varilease's sale of financing or leasing services.

15.    Varilease induced Three Bears to sign the finance lease in question by means of these unfair and deceptive practices.

16.    On information and belief, Varilease has engaged in similar behavior with other consumers on a number of occasions.

17.    The above described conduct violated the Alaska Unfair Trade Practices and Consumer Protection Act, specifically but not limited to the following sections:  AS 45.50.471(a), AS 45.50.471(b)(11), and 45.50.471(b)(12).

18.    As a result of Varilease's actions, Three Bears has suffered damages, and is also entitled to statutory damages in an amount three times the actual damages, injunctive relief, and full reasonable attorney fees as provided in AS 45.50.531, AS 45.50.535 and AS 45.50.537(a).

K&L GATES LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

Case 3:15-cv-00030-HRH   Document 1-1   Filed 02/25/15   Page 3 of 4

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Three Bears Alaska. Inc. prays for the following relief:

1) For actual damages, including twelve months of lease payments for the additional lease term;

2) For an amount three times the actual damages proven, pursuant to AS 45.50.531;

3) For an order requiring Varilease to sell Three Bears the equipment in question for a price not to exceed 15% of the lease payments for the first full term;

4) Full reasonable attorney's fees and costs of suit incurred herein; and

5) For such other relief as this court deems just and equitable.

Dated this 2. 15 day of January, 2015, at Anchorage, Alaska.

K&L GATES LLP

By: _____

Jennifer M. Coughlin, ABN 9306045
Joan M. Travostino, ABN 8110068
Attorneys for Three Bears Alaska Inc.

K&L GATES LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE (907) 276-1969

COMPLAINT FOR VIOLATION OF UTPCPA
*Three Bears Alaska Inc. v. Varilease Finance Inc.*, 3AN-15 4670 CI
Page 4 of 4